Russell S. Thompson, IV (Cal. Bar No. 325944)
Thompson Consumer Law Group, PC
7080 Hollywood Blvd., Suite 1100
Los Angeles, CA 90028
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com

Jesse S. Johnson*
Florida Bar No. 0069154
Greenwald Davidson Radbil PLLC
7601 N. Federal Hwy., Suite A-230
Boca Raton, FL 33487
Telephone: 561-826-5477
jjohnson@gdrlawfirm.com

*Counsel for Plaintiff and the proposed class*

* To seek admission *pro hac vice*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Natasha Veinberg, on behalf of herself and others similarly situated,<br><br>                    Plaintiff,<br><br>    vs.<br><br>Glausier Knight Jones, PLLC,<br><br>                    Defendant. | ) Case No.<br>)<br>)<br>) **CLASS ACTION COMPLAINT**<br>)<br>) **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>) |

**Nature of Action**

1.     This is a class action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and this Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

2.     Natasha Veinberg ("Plaintiff") is pursuing this case for the benefit of California and Florida consumers who have been the subject of debt collection efforts by Glausier Knight Jones, PLLC ("Defendant").

3.     Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors," 15 U.S.C. § 1692(e), and in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which Congress found to have contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

4.     As the Consumer Financial Protection Bureau ("CFPB")—the federal agency tasked with enforcing the FDCPA—explained, "[h]armful debt collection practices remain a significant concern today. In fact, the CFPB receives more consumer complaints about debt collection practices than about any other issue."[1]

---

[1]     *See* Brief for the CFPB as Amicus Curiae, Dkt. No. 14, p. 10, *Hernandez v. Williams, Zinman, & Parham, P.C.*, No. 14-15672 (9th Cir. Aug. 20, 2014), http://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-

5.      To combat this serious problem in the debt collection industry, the FDCPA requires debt collectors to send consumers "validation notices" containing certain information about their alleged debts and consumers' rights with respect to those debts. 15 U.S.C. § 1692g(a).

6.      A debt collector must send this notice "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt," unless the required information was "contained in the initial communication or the consumer has paid the debt." *Id.*, § 1692g(a).

7.      As noted by the CFPB and the Federal Trade Commission, "this validation requirement was a 'significant feature' of the law that aimed to 'eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid.'" *Hernandez*, No. 14-15672, at 5 (quoting S. Rep. No. 95-382, at 4 (1977)).

8.      Indeed, the aim of § 1692g is to provide a period for the recipient of a collection letter to understand and consider her options.

9.      A debt collector does not comply with section 1692g "merely by inclusion of the required debt validation notice; the notice Congress required must

zinman-parham-p.c./140821briefhernandez1.pdf    (last    accessed    November    3, 2020).

be conveyed effectively to the debtor." *Swanson v. S. Or. Credit Serv., Inc.*, 869 F.2d 1222, 1225 (9th Cir. 1988).

10. To be effective, the notice must not be overshadowed or contradicted by other messages or notices appearing in the initial communication from the collection agency. *See Savino v. Computer Credit, Inc.*, 164 F.3d 81, 85 (2d Cir. 1998) ("A debt collection notice is overshadowing or contradictory if it fails to convey the validation information clearly and effectively and thereby makes the least sophisticated consumer uncertain as to her rights.").

11. This case centers on Defendant's failure to effectively provide the disclosures required by 15 U.S.C. § 1692g in its initial written communications to consumers, or within five days thereafter.

**Parties**

12. Plaintiff is a natural person who has resided in Los Angeles County, California since June 2020.

13. Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

14. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily

for personal, family, or household purposes—namely, homeowners' association assessments for a property she owns (the "Debt").

15.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

16.     Defendant is a professional limited liability partnership with its principal office in Hillsborough County, Florida.

17.     Defendant touts itself as having "experience handling thousands of collections matters" and "a proven track record of either recovering the property through foreclosure proceedings or securing full payment of delinquent amounts and fees through negotiated settlement."[2]

18.     Defendant is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

19.     Upon information and belief, at the time Defendant attempted to collect the Debt from Plaintiff, the Debt was in default, or Defendant treated the Debt as if it were in default from the time that Defendant acquired it for collection.

20.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, or to

---

[2]     *See* https://www.glausierknightjones.com/blank (last accessed November 3, 2020).

regularly collect or attempt to collect, directly or indirectly, debts owed or due, or

asserted to be owed or due, another.

21.    Defendant represented to Plaintiff that it was a debt collector.

22.    Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §

1692a(6).

### Venue

23.    Venue is proper before this Court under 28 U.S.C. § 1391(b) as a

substantial part of the events or omissions giving rise to the claim occurred in this

district in that Plaintiff received and reviewed Defendant's violative debt collection

communication in this district after it was forwarded to her here.

### Factual Allegations

24.    On or about July 16, 2020, Defendant sent a written communication to

Plaintiff in connection with the collection of the Debt.

25.    A true and correct copy of the July 16, 2020 communication to

Plaintiff is attached as Exhibit A.

26.    The July 16, 2020 communication to Plaintiff was the first

communication Plaintiff received from Defendant.

27.    Plaintiff did not receive any other communication from Defendant

within five days of the July 16, 2020 communication.

28. The July 16, 2020 communication advised Plaintiff that Defendant represented Culbreath Key Bayside Condominium Association, Inc. (the "Association"). *See* Ex. A.

29. The July 16, 2020 communication then advised Plaintiff that her account with the Association was substantially delinquent, and that the matter had been referred to Defendant for appropriate action. *Id*.

30. The July 16, 2020 communication next advised Plaintiff that she owed $3,004.84 through July 15, 2020, but that if payment was made after August 1, 2020, she needed to pay $3,591.33. *Id*.

31. The July 16, 2020 communication then threatened Plaintiff:

Unless the entire sum is paid within thirty (30) days of your receipt of this letter, we shall proceed with appropriate action to protect the Association's interests, including, but not limited to the filing of a claim of lien and foreclosure thereon. If a claim is filed against your unit to collect the amounts stated hereinabove, you will be responsible for the costs of recording of the lien ($18.50), and certified mail ($6.59 per unit owner address), plus additional attorney's fees of approximately $250.00.

*Id*.

32. The July 16, 2020 communication then advised Plaintiff that "[t]his is the only communication regarding this matter that you will receive prior to the filing of a claim of lien." *Id*.

33.    Attached to the July 16, 2020 communication was a document titled "NOTICE UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. SECTION 1692" that stated:

## NOTICE UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. SECTION 1692

1. THE AMOUNT OF THE DEBT IS SET FORTH IN THE LETTER TO WHICH THIS NOTICE IS ATTACHED.

2. THE CREDITOR TO WHOM THE DEBT IS OWED IS CULBREATH KEY BAYSIDE CONDOMINIUM ASSOCIATION, INC.

3. UNLESS YOU, WITHIN THIRTY (30) DAYS AFTER RECEIPT OF THIS NOTICE, DISPUTE THE VALIDITY OF THE DEBT, OR ANY PORTION THEREOF, THE DEBT WILL BE ASSUMED TO BE VALID BY THE DEBT COLLECTOR.

4. IF YOU NOTIFY THE DEBT COLLECTOR IN WRITING, WITHIN THIRTY (30) DAYS FROM RECEIPT OF THIS NOTICE, THAT THE DEBT, OR ANY PORTION THEREOF, IS DISPUTED, THE DEBT COLLECTOR WILL OBTAIN VERIFICATION OF THE DEBT AND A COPY OF SUCH VERIFICATION WILL BE MAILED TO YOU BY THE DEBT COLLECTOR.

5. UPON YOUR WRITTEN REQUEST WITHIN THIRTY (30) DAYS FROM RECEIPT OF THIS NOTICE, THE DEBT COLLECTOR WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

6. THE DEBT COLLECTOR IS ATTEMPTING TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Written disputes or requests should be addressed to the debt collector as follows:
Charles Evans Glausier, Esquire
Glausier Knight Jones, PLLC
400 North Ashley Drive, Suite 2020
Tampa, FL 33602

## Class Action Allegations

34.    Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of:

> All persons (a) with a California or Florida address, (b) to whom Glausier Knight Jones, PLLC mailed an initial debt collection communication not returned as undeliverable, (c) in connection with the collection of a consumer debt, (d) in the one year preceding the date of this complaint, (e) that demanded payment within thirty days of receipt of the communication.

35.    Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had controlling interests.

36.    The class satisfies Rule 23(a)(1) because, upon information and belief, it is so numerous that joinder of all members is impracticable.

37.    The exact number of class members is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

38.    The class is ascertainable because it is defined by reference to objective criteria.

39.    In addition, upon information and belief, the names and addresses of all members of the proposed class can be identified in business records maintained by Defendant.

40.    The class satisfies Rules 23(a)(2) and (3) because Plaintiff's claims are typical of the claims of the members of the class.

41.    To be sure, Plaintiff's claims and those of the members of the class originate from the same standardized initial debt collection letter utilized by Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each member of the class.

42.    Plaintiff satisfies Rule 23(a)(4) because she will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation.

43.    Plaintiff has no interests that are contrary to or in conflict with the members of the class that she seeks to represent.

44.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since, upon information and belief, joinder of all members is impracticable.

45.    Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation could make it impracticable for the members of the class to individually redress the wrongs done to them.

46.    There will be no unusual difficulty in the management of this action as a class action.

47.     Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class.

48.     Among the issues of law and fact common to the class are:

a.  Defendant's violations of the FDCPA as alleged herein;

b.  whether Defendant is a debt collector as defined by the FDCPA;

c.  whether Defendant's demand for payment within thirty days of a consumer's receipt of the debt collection communication violates 15 U.S.C. § 1692g(b) and/or 15 U.S.C. § 1692e;

d.  the availability of statutory penalties; and

e.  the availability of attorneys' fees and costs.

**Count I: Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g(b)**

49.     Plaintiff repeats and re-alleges the factual allegations contained in paragraphs 1 through 48 above.

50.     The FDCPA at 15 U.S.C. § 1692g(a) provides:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

51.    The FDCPA at 15 U.S.C. § 1692g(b) further provides:

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. *Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.*

(emphasis added).

52.     The manner by which Defendant conveyed the validation notice required by 15 U.S.C. § 1692g(a) was ineffective, as Defendant's simultaneous demand for payment within the 30-day validation period was inconsistent with, and overshadowed and contradicted, the statutory validation notice.

53.     In the alternative, Defendant, through its communication, failed to explain an apparent, though not actual, contradiction that its letter creates regarding statutorily mandated disclosures that Defendant was required to provide to Plaintiff.

54.     Specifically, while Defendant included the validation notice required by 15 U.S.C. § 1692g(a) with the appropriate 30-day time period for disputing the debt or requesting creditor information as an attachment to the July 16, 2020 communication, in that same communication, Defendant demanded payment of $3,004.81 within 30 days of Plaintiff's receipt of the communication. *See* Ex. A.

55.     This demand was buttressed by Defendant's threat that it would proceed with appropriate action to protect the Association's interests, including, but not limited to, the filing of a claim of lien and foreclosure thereon, if Plaintiff did not make payment within that timeframe. *Id.*

56.     As a result, the least sophisticated consumer, upon receiving Defendant's July 16, 2020 communication, would be confused as to whether she (a) had the full 30-day period from her receipt of the communication to invoke her

validation rights, or (b) had to pay the Debt within 30 days of her receipt of the July 16, 2020 communication in order to stop the filing of a lien and the filing of a foreclosure action against her property. *See, e.g.*, *Chauncey v. JDR Recovery Corp.*, 118 F.3d 516, 519 (7th Cir. 1997) ("Defendant argues that the letter contains no contradiction because plaintiff is given the same amount of time to pay as to contest the debt (i.e., "within thirty (30) days"). But the letter required that plaintiff's payment be received within the 30-day period, thus requiring plaintiff to mail the payment prior to the thirtieth day to comply. In contrast, subparagraphs (3) and (4) of § 1692g(a) give the consumer thirty days after receipt of the notice to dispute the validity of a debt. It is clear that Mr. Chauncey had the full thirty days to send his notification to defendant. Nothing in Section 1692g requires, and we have found no other court decision which has required, that the debt collector must receive notice of the dispute within thirty days as defendant insists."); *accord Mashiri v. Esptein Grinnell & Howell*, 845 F.3d 984, 991-92 (9th Cir. 2017) ("In this case, the May Notice demanded payment within thirty-five days of the *date* of the letter, which is inconsistent with a debtor's right to dispute a debt within thirty days of *receipt* of the letter. By the time a debtor receives such a letter, there may be fewer than thirty days before payment is due. Moreover, even if the debtor received the letter promptly, in order for the payment to be received within thirty-

five days of the date of the letter, the debtor would likely need to mail the payment prior to the thirtieth day of the dispute period.").

57.     Moreover, the July 16, 2020 communication overshadows the validation notice for the additional reason that the least sophisticated consumer is unlikely to understand, on the basis of the July 16, 2020 communication, that upon notifying Defendant of a dispute, debt collection activities would cease until Defendant obtains verification of the debt and a copy of such verification is mailed to the consumer by the debt collector.

58.     Rather, the July 16, 2020 communication stated that "[u]nless the entire sum is paid within thirty (30) days of your receipt of this letter, we shall proceed with appropriate action to protect the Association's interests, including, but not limited to the filing of a claim of lien and foreclosure thereon." *See* Ex. A.

59.     As a result, the least sophisticated consumer would therefore believe that even if she disputed the debt and Defendant had not yet mailed verification of the debt to her, Defendant would record a lien on the thirtieth day after her receipt of the communication and thereafter foreclose on her property.

60.     "In this manner, the letter effectively overshadows the disclosed right to dispute by conveying an inaccurate message that exercise of the right does not have an effect that the statute itself says it has." *Mashiri*, 845 F.3d at 992.

61.     As a result, Defendant violated 15 U.S.C. § 1692g(b).

62.    The harm suffered by Plaintiff is particularized in that the violative initial debt collection letter at issue was sent to her personally, regarded her personal alleged debt, and failed to effectively provide her statutorily-mandated disclosures to which she was entitled.

63.    Section 1692g furthers the purpose of protecting debtors from abusive debt collection activity by requiring a debt collector who solicits payment from a consumer to provide that consumer with a detailed validation notice, which allows a consumer to confirm that she owes the debt sought by the collector before paying it.

64.    And the content of Defendant's July 16, 2020 communication created a material risk of harm to the concrete interest Congress was trying to protect in enacting the FDCPA.

65.    Specifically, when a consumer is informed on the one hand that if she does not pay money within 30 days of her receipt of a collection letter she will face foreclosure, but on the other hand, that she also can contest the debt or request creditor information within that same 30 days, she is left unsure as to her rights.

66.    And here, Plaintiff was confused as to whether she had 30 days to invoke her validation rights, in light of the language in the July 16, 2020 communication demanding payment within 30 days of her receipt of the communication.

## Count II: Violation of the Fair Debt Collection Practices Act,
## 15 U.S.C. § 1692e

67.    Plaintiff repeats and re-alleges the factual allegations contained in paragraphs 1 through 48 above.

68.    The FDCPA at 15 U.S.C. § 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

69.    While Defendant included as an attachment to the July 16, 2020 communication the validation notice required by 15 U.S.C. § 1692g(a) with the appropriate 30-day time period for disputing the debt or requesting creditor information, in that same communication, Defendant also demanded payment of $3,004.81 within 30 days of Plaintiff's receipt of the communication. *See* Ex. A.

70.    This demand was buttressed by Defendant's threat that it would proceed with appropriate action to protect the Association's interests, including, but not limited to, the filing of a claim of lien and foreclosure thereon, if Plaintiff did not make payment within that timeframe. *Id.*

71.    As a result, the least sophisticated consumer, upon receiving Defendant's July 16, 2020 communication, would be confused as to whether she (a) had the full 30-day period from her receipt of the communication to invoke her validation rights, or (b) had to pay the Debt within 30 days of her receipt of the July 16, 2020 communication in order to stop the filing of a lien and the filing of a

foreclosure action against her property. *See, e.g.*, *Chauncey*, 118 F.3d at 519 ("Defendant argues that the letter contains no contradiction because plaintiff is given the same amount of time to pay as to contest the debt (i.e., "within thirty (30) days"). But the letter required that plaintiff's payment be received within the 30-day period, thus requiring plaintiff to mail the payment prior to the thirtieth day to comply. In contrast, subparagraphs (3) and (4) of § 1692g(a) give the consumer thirty days after receipt of the notice to dispute the validity of a debt. It is clear that Mr. Chauncey had the full thirty days to send his notification to defendant. Nothing in Section 1692g requires, and we have found no other court decision which has required, that the debt collector must receive notice of the dispute within thirty days as defendant insists."); *accord Mashiri*, 845 F.3d at 991-92 ("In this case, the May Notice demanded payment within thirty-five days of the *date* of the letter, which is inconsistent with a debtor's right to dispute a debt within thirty days of *receipt* of the letter. By the time a debtor receives such a letter, there may be fewer than thirty days before payment is due. Moreover, even if the debtor received the letter promptly, in order for the payment to be received within thirty-five days of the date of the letter, the debtor would likely need to mail the payment prior to the thirtieth day of the dispute period.").

72.    Moreover, the July 16, 2020 communication was false, deceptive, and misleading for the additional reason that the least sophisticated consumer is

unlikely to understand, on the basis of the July 16, 2020 communication, that upon notifying Defendant of a dispute, debt collection activities would cease until Defendant obtains verification of the debt and a copy of such verification is mailed to the consumer by Defendant.

73.     Rather, the July 16, 2020 communication stated that "[u]nless the entire sum is paid within thirty (30) days of your receipt of this letter, we shall proceed with appropriate action to protect the Association's interests, including, but not limited to the filing of a claim of lien and foreclosure thereon." *See* Ex. A.

74.     As a result, the least sophisticated consumer would therefore believe that even if she disputed the debt and Defendant had not yet mailed verification of the debt to her, Defendant would record a lien on the thirtieth day after her receipt of the communication and thereafter foreclose on her property. *See Mashiri*, 845 F.3d at 992.

75.     Thus, Defendant violated 15 U.S.C. § 1692e.

76.     The harm suffered by Plaintiff is particularized in that the violative initial debt collection letter at issue was sent to her personally, regarded her personal alleged debt, and failed to effectively provide her statutorily-mandated disclosures to which she was entitled.

77.     Section 1692g furthers the purpose of protecting debtors from abusive debt collection activity by requiring a debt collector who solicits payment from a

consumer to provide that consumer with a detailed validation notice, which allows a consumer to confirm that she owes the debt sought by the collector before paying it.

78.    And the content of Defendant's July 16, 2020 communication created a material risk of harm to the concrete interest Congress was trying to protect in enacting the FDCPA.

79.    Specifically, when a consumer is informed on the one hand that if she does not pay money within 30 days of her receipt of a collection letter she will face foreclosure, but also on the other hand that she can contest the debt or request creditor information within 30 days, she is left unsure as to the time period within which she must comply.

80.    This conduct would cause the least sophisticated consumer to suffer a disadvantage in charting a course of action in response to the collection effort.

81.    And here, Plaintiff was confused as to whether she had 30 days to invoke her validation rights, in light of the language in the July 16, 2020 communication demanding payment within 30 days of Plaintiff's receipt of the communication.

82.    Moreover, Plaintiff was injured by suffering the violation of her right not to be the target of misleading debt collection activity. *See Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1116 (9th Cir. 2014).

**WHEREFORE**, Plaintiff respectfully requests relief and judgment as follows:

a.  Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

b.  Adjudging and declaring that Defendant violated 15 U.S.C. § 1692g(b) and 15 U.S.C. § 1692e;

c.  Awarding Plaintiff and members of the class statutory damages pursuant to 15 U.S.C. § 1692k;

d.  Awarding members of the class actual damages incurred, as applicable, pursuant to 15 U.S.C. § 1692k;

e.  Enjoining Defendant from future violations of 15 U.S.C. § 1692g(b) and 15 U.S.C. § 1692e with respect to Plaintiff and the class;

f.  Awarding Plaintiff and members of the class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure;

g.  Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

h.  Awarding other and further relief as the Court may deem just and proper.

1

## **<u>JURY DEMAND</u>**

2

3
Plaintiff is entitled to, and hereby demands, a trial by jury.

4

5
Respectfully submitted this 3rd day of November, 2020.

6

7
               By:   <u>/s/ Russell S. Thompson, IV</u>

8
                      Russell S. Thompson, IV

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28